**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DAVID JOSE CARRIZO RIVERA,**
**#246 783 991,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv663**

**JEFFREY CRAWFORD,**
***ICA-Farmville Detention Center,***

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**

## REPORT AND RECOMMENDATION

Pro se Petitioner David Jose Carrizo Rivera ("Rivera"), previously an ICE detainee, filed a habeas petition pursuant to 28 U.S.C. § 2241 seeking release from ICE custody or fair bond hearing. The petition was also accompanied by a request to proceed in forma pauperis and motion for appointment of counsel. (ECF Nos. 1-3). At the time of his filing, Rivera was detained at Farmville Detention Center in Farmville, Virginia. By Order entered June 29, 2026, this case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 5). Rivera's copy of the Order was returned to the court as undeliverable on July 13, 2026.

By Order entered July 1, 2026, the court granted Rivera's request to proceed in forma pauperis, denied appointment of counsel, and directed the Government to file a response to the petition. (ECF No. 7). Rivera's copy of the order was returned to the court as undeliverable on July 20, 2026.

Prior to filing a response to the petition, Respondents filed a Notice updating the court of Rivera's transfer from this district to Port Isabel in Montana, and then to ERO El Paso Camp East in Montana. (ECF No. 8). In response to the petition, on July 13, 2026, Respondents submitted that the factual and legal issues presented in Rivera's petition do not differ in any material fashion from those presented in Lopez v. Noem, No. 2:25-cv-764, 2026 WL 567653 (E.D. Va. Feb. 12, 2026, and as such requested the court to incorporate the filings in Lopez into the record of this habeas action. The response, also advised the court that River had again been transferred, this time to Golden State Annex in McFarland, California. (ECF No. 9).

On July 22, 2026, Respondents filed a Notice informing the court that Rivera had filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of California challenging the lawfulness of his detention and seeking immediate release. (ECF No. 13). The Eastern District of California ordered Rivera's immediate release by Release Order entered July 22, 2026. Id. Because Rivera's release from custody has mooted his claims, the undersigned recommends that Petitioner's habeas petition be DENIED and DISMISSED AS MOOT.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. Federal court jurisdiction requires an ongoing case or controversy throughout all stages of the proceedings. Lewis v. Cont'l Bank Corp., 494 U.S. 472. 477 (1990). A case where the parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). A case can become moot due to a change in the facts or in the law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)).

The issue in Rivera's habeas petition is moot due to a change in the facts. Rivera's petition sought only release from ICE detention pending removal or a bond hearing. He has already obtained identical relief from his California petition. His release therefore moots a habeas petition which seeks only release from custody pending removal. See Mattete v. Louiselle, No. 2:06-cv-652, 2007 WL 3223304, at *1 (E.D. Va. Oct. 26, 2007) (dismissing habeas petition as moot because petitioner had been deported). Rivera's release therefore renders moot the sole issue in his petition.

## RECOMMENDATION

Because Rivera has been ordered released from ICE custody there remains no active case or controversy and the sole issue raised in this habeas petition is moot. Accordingly, the undersigned recommends that Rivera's Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 be DENIED and DISMISSED as moot.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

July 27, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

David Jose Carrizo Rivera
246 783 991
Golden State Annex
611 Frontage Road
McFarland, CA 93250

and an electronic copy was provided to:

David Ross Tannenbaum
DOJ-USAO
2100 Jamieson Ave
Alexandria, VA 22314

Laura G. Griffin, Clerk

By V.Pearson
Deputy Clerk

July 27, 2026